UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

Grand Jury N-18-2

2019 MAY -1 P 4: 54

U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.  3:19-CR-8-VLB |
| v. | VIOLATION: |
| JONELL BONILLA, | 18 U.S.C. § 1344 (Bank Fraud) |
| TANIA CRUZ, | 18 U.S.C. § 1349 (Conspiracy) |
| MEEM JANNAT, | 18 U.S.C. § 2 (Aiding and Abetting) |
| and | |
| LILIBETH PEREZ | |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### General Allegations

At all times relevant to this Indictment:

1.      Defendant JONELL BONILLA ("BONILLA") resided in Waterbury, Connecticut and maintained an account with Facebook, Inc. using the alias Jordan C. Benji.

2.      Defendant TANIA CRUZ ("CRUZ") resided in Waterbury, Connecticut and maintained at least two accounts with Facebook, Inc. using the alias Tati Mula.

3.      Defendant MEEM JANNAT ("JANNAT") resided in Waterbury, Connecticut.

4.      Defendant LILIBETH PEREZ ("PEREZ") resided in New London, Connecticut.

5.      Bank of America was a federally insured financial institution.

6.      Farmington Bank was a federally insured financial institution.

1

## COUNTS ONE THROUGH FOUR
(Bank Fraud)

7.     The allegations in paragraphs 1 through 6 of this Indictment are re-alleged in these counts.

8.     Beginning in or about December 2017 through in or about December 2018, the precise dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants BONILLA, CRUZ, JANNAT, PEREZ, and others known and unknown to the Grand Jury, knowingly and with intent to defraud devised and intended to devise, and participated in a scheme and artifice to defraud multiple banks, including Bank of America and Farmington Bank, and to obtain money, funds, credits, assets and other property owned by or under the custody or control of multiple banks, including Bank of America and Farmington Bank, by means of materially false and fraudulent pretenses, representations and promises.

9.     The purpose of the bank fraud scheme was for BONILLA, CRUZ, JANNAT, PEREZ, and their co-conspirators, to enrich themselves by: obtaining access to bank accounts in the name of other individuals (hereinafter "account holders") at federally insured financial institutions; depositing counterfeit checks into these accounts; and withdrawing money from the accounts when the financial institutions made money available, prior to the check being identified as counterfeit or fictitious.

### Manner and Means of the Bank Fraud Scheme

10.     The manner and means by which BONILLA, CRUZ, JANNAT, PEREZ, their co-conspirators, and others known and unknown to the Grand Jury, sought to accomplish and did accomplish the objects of the bank fraud scheme included, among others, the following:

11.    It was part of the scheme that the defendants recruited and caused to be recruited, including by way of false pretenses, account holders through social media and other means, to gain access to their bank accounts for the purpose of depositing counterfeit checks to their accounts, fraudulently inflating the amount of available funds in the accounts, and withdrawing a portion of the funds from the accounts, before the checks were identified as counterfeited.

12.    It was further part of the scheme that the defendants caused the account holders to provide them with personal information needed to access their bank accounts, including debit cards and associated PIN numbers.

13.    It was further part of the scheme that the defendants used false online personas when they caused the account holders to provide them with the sought after personal information to access their bank accounts, including, in particular, BONILLA used the false online persona Jordan C. Benji and CRUZ used the false online persona Tati Mula.

14.    It was further part of the scheme that the defendants made false and misleading statements to the account holders in order to entice the account holders into providing them with sought after personal information, including debit cards and associated PIN numbers, to access their bank accounts, including, among other statements, falsely and fraudulently representing to the account holders that United States Postal Service money orders or authentic checks would be deposited into their accounts.

15.    It was further part of the scheme that in exchange for providing access to their accounts, the defendants promised to pay the account holders.

16.    It was further part of the scheme that the defendants used, and caused others to use, the personal information obtained from the account holders, including their debit cards and

associated PIN numbers, to gain access to their accounts for the purpose of attempting to deposit and depositing counterfeited checks into their accounts.

17.     It was further part of the scheme that defendants obtained, produced, or caused to be obtained or produced counterfeit and fictitious checks.   These checks included false and fictitious account and routing information as well as false information regarding the purported maker of the check.

18.     It was further part of the scheme that the defendants used these counterfeited checks to fraudulently inflate or attempt to inflate account balances in the account holders' accounts, by depositing the checks into the account holders' accounts.

19.     It was further part of the scheme that BONILLA, CRUZ, JANNAT, and PEREZ and/or their co-schemers withdrew money from the account holders' accounts, portions of which the defendants kept for themselves, including by:

> (a) withdrawing the money themselves;

> (b) having the account holder withdraw the money;

> (c) purchasing postal money orders with the account holders' debit cards;

> (d) obtaining "cash back" during a purchase made with the account holders' debit cards; or

> (e) purchasing items for personal use by using the account holders' debit cards

20.     It was further part of the scheme that BONILLA, CRUZ, JANNAT, and PEREZ and/or their co-schemers withdrew the money from the account holders' accounts after the bank made funds related to the deposit available for withdrawal but before the banks into which the checks were deposited became aware that the deposited checks were counterfeited.

21.     It was further part of the scheme that BONILLA, CRUZ, JANNAT, and PEREZ would then pay the account holders for providing access to their accounts.

22.     It was further part of the scheme that the defendants' actions exposed the banks, including Bank of America and Farmington Bank, to a risk of loss and caused actual losses.

23.     On or about the dates set forth in each count below, in the District of Connecticut, the defendants named in each count, knowingly executed and attempted to execute the above-described scheme by causing to be deposited one or more checks in the amount described below into the bank account of a holder with the initials listed below, each such deposit constituting a separate count of this indictment:

| Count | Date | Defendant Charged | Bank | Amount | Account Holder Initials |
|-------|------|-------------------|------|--------|-------------------------|
| 1 | 12/11/17 | BONILLA and JANNAT | Bank of America | $4,126.59 | K.W.H. |
| 2 | 12/13/17 | BONILLA and PEREZ | Farmington Bank | $2,491.43 | C.A. |
| 3 | 8/1/18 | BONILLA and CRUZ | Bank of America | $14,793.25 | T.S.D. |
| 4 | 8/2/18 | BONILLA and CRUZ | Bank of America | $12,768.13 | T.S.D. |

All in violation of Title 18, United States Code, Sections 1344 and 2.

COUNT FIVE
(Conspiracy to Commit Bank Fraud)

24.     The allegations in paragraphs 1 through 23 of this Indictment are re-alleged as though set out in full in this count.

5

25.     Beginning in or about December 2017 and continuing through in or about December 2018, in the District of Connecticut and elsewhere, BONILLA, CRUZ, JANNAT, PEREZ, and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, and agree together and with each other, to commit offenses against the United States, to wit, to devise and intend to devise a scheme and artifice to defraud multiple federally insured financial institutions, including Bank of America and Farmington Bank, and to obtain money, funds, credits, assets, and other property owned by and under the custody and control of the financial institutions, by means of materially false and fraudulent, pretenses, representations, and promises, in violation of Title 18, United States Code Sections 1344(1) and (2).

All in violation of Title 18 United States Code, Section 1349.

A TRUE BILL.

/s/

FOREPERSON

UNITED STATES OF AMERICA

LEONARD C. BOYLE
FIRST ASSISTANT UNITED STATES ATTORNEY

JOHN T. PIERPONT, JR.
ASSISTANT U.S. ATTORNEY

6